IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 17-00460 HG-01 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTT HARRIS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S SECOND MOTION TO COMPEL GOVERNMENT TO PROVIDE ADDITIONAL REQUESTED DISCOVERY (ECF No. 21)**

On June 17, 2015, a Magistrate Judge issued a search warrant for two parcels that had arrived at the Waikiki Post Office addressed to "Scott Harris" at the zip code "96815."

The application for the search warrant was supported by an affidavit provided by United States Postal Inspector Brian W. Shaughnessy and an affidavit provided by Deputy Sheriff Patrick M. Lewis from the State of Hawaii, Department of Public Safety, Narcotics Detection Canine Unit.

The search warrant was executed on the two parcels. Each parcel contained over 400 grams of methamphetamine.

Defendant Harris has filed a Second Motion to Compel Discovery, seeking additional discovery relating to the canine narcotics detector "Rico." Defendant's attorney has stated that

1

he seeks the discovery in order to evaluate if he should file a Motion to Suppress evidence obtained as a result of the search warrant.

DEFENDANT'S SECOND MOTION TO COMPEL GOVERNMENT TO PROVIDE ADDITIONAL REQUESTED DISCOVERY (ECF No. 21) is **DENIED**.

## PROCEDURAL HISTORY

On August 10, 2017, the grand jury returned an Indictment charging Defendant Scott Harris, as follows:

**Count 1:** From in or around January 1, 2015 to and including July 1, 2015, Defendant did conspire to knowingly and intentionally distribute and possess, with intent to distribute, fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A);

**Count 2:** On or about May 15, 2015, Defendant did knowingly and intentionally possess, with intent to distribute, five (5) grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); and,

**Count 3:** Beginning on or about June 17, 2015 and continuing to on or about June 18, 2015, Defendant did knowingly and intentionally attempt to possess, with intent to distribute, fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

(Indictment, ECF No. 1).

On December 13, 2017, Defendant filed DEFENDANT'S MOTION TO COMPEL GOVERNMENT TO PROVIDE ADDITIONAL REQUESTED DISCOVERY. (ECF No. 18).

On December 15, 2017, the Court held a hearing and granted

Defendant's Motion to Compel, in part, and ordered the attorneys to meet and confer as to the extent of the Defendant's request and to determine if a further hearing was necessary.  (ECF No. 20).

The Parties consulted and further discovery was provided to Defendant.

On January 6, 2018, Defendant filed DEFENDANT'S SECOND MOTION TO COMPEL GOVERNMENT TO PROVIDE ADDITIONAL REQUESTED DISCOVERY.  (ECF No. 21).

On January 12, 2018, the Government filed GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND MOTION TO COMPEL GOVERNMENT TO PROVIDE ADDITIONAL REQUESTED DISCOVERY.  (ECF No. 23).

On January 17, 2018, the Court held a hearing on Defendant's Second Motion to Compel Discovery.  (ECF No. 24).

## ANALYSIS

There is a presumption of validity with respect to an affidavit supporting a search warrant.  <u>Franks v. Delaware</u>, 438 U.S. 154, 171-72 (1978).  A criminal defendant must make a substantial threshold offer of proof to challenge the search warrant before he is entitled to go beneath the search warrant to obtain additional information concerning the criminal investigation.  <u>United States v. Reeves</u>, 210 F.3d 1041, 1044 (9th Cir. 2000) (citing <u>United States v. Stanert</u>, 762 F.2d 775, 780-81

(9th Cir. 1985)).

A defendant must make a substantial preliminary showing that the affiant made a knowing, intentional, or reckless false statement, or the affiant made a deliberate or reckless material omission in the warrant affidavit. <u>Franks</u>, 438 U.S. at 171-72; <u>Stanert</u>, 762 F.2d at 780-81. The defendant must also demonstrate that the allegedly false statement was necessary to the finding of probable cause in order to be entitled to a hearing to challenge the search warrant. <u>Franks</u>, 438 U.S. at 171-72.

A defendant's preliminary showing cannot be merely conclusory. <u>United States v. Chesher</u>, 678 F.2d 1353, 1360 (9th Cir. 1982) (quoting <u>Franks</u>, 438 U.S. at 171)).

## I.    Facts In Support Of The Search Warrant

On June 16, 2015, William Dituro, Special Agent with the Drug Enforcement Administration, requested that United States Postal Inspector Brian W. Shaughnessy place a parcel watch on suspicious deliveries to "Scott Harris, 444 Kanekapolei Street, Honolulu, HI 96815" based on an ongoing investigation into the Defendant's activities.

On June 17, 2015, United States Postal Inspector Brian W. Shaughnessy was informed that two parcels addressed to "Scott Harris" had arrived at the Waikiki Post Office, zip code 96815.

Inspector Shaughnessy explained in his Affidavit for the

Search Warrant that based on his experience and training, and discussions with other law enforcement officers experienced in drug investigations, there are a number of common characteristics of parcels containing controlled substances. The common tactics are used by narcotics traffickers in order to avoid detection by law enforcement. The common characteristics of these parcels include, but are not limited to:

(1)  the parcel is mailed via Express or Priority Mail services;

(2)  the parcel contains a fictitious return address;

(3)  the parcel contains an incomplete return address;

(4)  the return address is the same as the addressee's address;

(5)  the return address does not match the place the parcel was mailed from;

(6)  the parcel is shipped from a known source state, which includes the State of Nevada;

(7)  the parcel is mailed from an area that is different than the return address listed on the parcel;

(8)  the parcel contains excessive wrapping in order to avoid odor detection;

(9)  the parcel contains other parcels or envelopes which are sealed to avoid odor detection;

(10) odor deflectors such as perfumes, coffee, dryer sheets, tobacco, or other smelling substances are placed in the parcel to avoid odor detection of the controlled substances or currency.

Upon visual and physical inspection of the parcels identified by the Waikiki Post Office for review, Inspector

Shaughnessy noted that the parcels had five of the characteristics typical of parcels containing controlled substances.

First, the two parcels were shipped via U.S. Postal Service Priority Mail.

Second, the return addresses on the parcels did not match where the parcels were shipped from. The two parcels were mailed with the same return address of "Somerpointe Resort, 801 S Rampart Blvd, Ste. 200, Las Vegas NV 89145." A review of the parcels indicated that they were actually mailed from zip code 89129.

Third, the parcels were mailed from Nevada, which is a known source state for controlled substances.

Fourth, Shaughnessy's shaking of the parcels revealed another more densely packaged item within each mailing, which is another common characteristic used to conceal controlled substances shipped in parcels.

Finally, Inspector Shaughnessy saw that both parcels were addressed to the attention of "Scott Harris" at the "Fairway Villa Condominium, 2345 Ala Wai Blvd, Unit 2101, Honolulu, HI" in the zip code of "96815." Special Agent William Dituro had requested Inspector Shaughnessy place a "parcel watch" for packages shipped to "Scott Harris, 444 Kanekapolei Street, Honolulu, HI 96815." Inspector Shaughnessy recognized that the

full addresses on the packages were not identical to the address provided for in the parcel watch. There was sufficient similarity in that the parcels were addressed to "Scott Harris" and were addressed to the same zip code, 96815, as indicated in the parcel watch.

The two parcels were presented for external examination to "Rico," a State of Hawaii Department of Public Safety narcotics detector canine. Deputy Sheriff Patrick M. Lewis, Rico's handler, reported that Rico exhibited a change in behavior on both parcels. The change in behavior was consistent with the presence of the odor of a controlled substance that the canine was trained to recognize.

On the same date, June 17, 2015, Inspector Shaughnessy submitted an Application and Affidavit for the Search Warrant. (Ex. 1, attached to Gov't Opp., ECF No. 23-2). Inspector Shaughnessy stated in his affidavit that he sought the authority to search the two parcels based on information obtained from Special Agent William Dituro, who is an agent of the United States Drug Enforcement Administration. The search warrant stated that Special Agent Dituro requested that Inspector Shaughnessy place a "parcel watch" on parcels addressed to "Scott Harris, 444 Kanekapolei Street, Honolulu, HI 96815" pursuant to an ongoing investigation.

Inspector Shaughnessy relied also on his own training and

experience and his visual and physical examination of the parcels, which demonstrated the presence of five common characteristics of parcels containing controlled substances.

The Search Warrant Application also had an affidavit from Deputy Patrick M. Lewis, Rico's handler.  (Id.)  Deputy Lewis' affidavit set forth Rico's training, certification, and abilities.  (Id.)  Deputy Lewis stated that he and Rico passed all certification demands and requirements as set forth by both the California Narcotics Canine Association and the American Working Dog Association.  Deputy Lewis explained that he and Rico have participated in approximately 600 hours of narcotics detection training and alerted to 671 narcotics training aids. In addition, Rico's alerts have led to the seizure of at least 110,992 grams of marijuana, 36,479 grams of methamphetamine, 3,112 grams of cocaine, 104 grams of heroin, and at least 10,220 units of ecstacy.

Based upon the facts set forth in the two affidavits, the Magistrate Judge signed the search warrant authorizing the search of the two parcels addressed to "Scott Harris."

The search was executed and 433.6 grams of methamphetamine were found within the first parcel.  434.3 grams of methamphetamine were found within the second parcel.

## II.  Defendant's Motions to Compel Discovery

On December 13, 2017, Defendant Harris filed a Motion to
Compel Discovery for the certification and training records
relating to the canine narcotics detector Rico.

Two days later, the Court held a hearing.  At the hearing,
the Government and Defendant agreed to meet and confer as to the
scope of Defendant's request for discovery.

The Government provided Defendant with a number of records.
The discovery included Rico's narcotics detection certification,
the handler logs of his drug and currency seizure records, and
Rico's training records.  The Government also provided the
certification standards set forth by:

 (1) the State of Hawaii Department of Public Safety Sheriff
   Division K-9 Unit;

 (2) the California Narcotic Canine Association;

 (3) the American Working Dogs Narcotic Certification
   Standards; and,

 (4) the curriculum vitae for the Hawaii law enforcement
   canine trainer.

On January 6, 2018, Defendant filed a Second Motion to
Compel.  At the January 17, 2018 hearing, Defendant acknowledged
that he had received the certification records, score sheets,
training records, and the handler logs of the drug and currency
seizures for the canine Rico.  Defendant specified that he still
sought two categories of documents: (1) the training standards

and (2) the training manuals that were used to train Rico.

## III. Defendant Is Not Entitled To Additional Discovery As To The Training Standards And Manuals For Canine Narcotics Detector Rico

At the hearing on January 17, 2018, Defendant's attorney stated that he seeks additional discovery pertaining to Rico's training in order to determine if he should file a motion to suppress the evidence obtained pursuant to the search warrant.

Defendant has not provided any basis or allegation that undermines the statements made in the two affidavits in support of the application to obtain a search warrant.

A party moving to challenge the veracity of statements in an application for a search warrant bears the burden of proof and must make a **substantial showing** to support the elements entitling him to a <u>Franks</u> hearing. <u>United States v. Chavez-Miranda</u>, 306 F.3d 973, 979-80 (9th Cir. 2002) (emphasis added). The Ninth Circuit Court of Appeals has explained that there are five requirements that must be satisfied before a defendant is entitled to a hearing pursuant to <u>Franks</u>:

(1)   the defendant must allege specifically which portions of the warrant affidavit are claimed to be false;

(2)   the defendant must contend that the false statements or omissions were deliberately or recklessly made;

(3)   a detailed offer of proof, including affidavits, must accompany the allegations;

(4)   the veracity of only the affiant must be
      challenged; and,

(5)   the challenged statements must be necessary to
      find probable cause.

United States v. Perdomo, 800 F.2d 916, 920 (9th Cir. 1986)

(citing United States v. Dicesare, 765 F.2d 890, 894-95 (9th Cir.

1985)).

Defendant has not met any of the five requisite showings to

demonstrate that a Franks hearing is necessary.  Defendant has

not identified any portion of the affidavits that he contends are

false.  Defendant has not challenged any of the statements in the

affidavits.  He has made no allegation that the affidavits

contain false statements or that they contain material omissions.

Defendant has made no offer of proof to justify a Franks

hearing.  Rather, Defendant seeks discovery with a hope that

there is some unknown basis for challenging the search warrant.

It is beyond dispute that there is a presumption of validity

with respect to an affidavit in support of a search warrant.

Franks, 438 U.S. at 171.  It is the defendant's burden to

demonstrate that there is a basis to justify challenging the

search warrant.  To justify a Franks hearing, a defendant must

make specific allegations, allege a deliberate falsehood or

reckless disregard for the truth, and accompany such a claim with

a detailed offer of proof.  United States v. Craighead, 539 F.3d

1073, 1080 (9th Cir. 2008).  Defendant has failed to meet his

burden to require additional discovery.  Mere speculation or conclusory allegations about statements in an affidavit for a search warrant are insufficient.  <u>Chesher</u>, 678 F.2d at 1360.

Defendant has already been provided significant discovery about the canine narcotic detector's training, experience, and certifications.  Defendant has not pointed to any information in the requested "training standards and manuals" that would assist him.

Defendant relies on cases that address dog-history discovery in cases where no search warrant was issued.  <u>See</u> <u>United States v. Thomas</u>, 726 F.3d 1086, 1096 (9th Cir. 2013); <u>Florida v. Harris</u>, 133 S.Ct. 1050, 1057 (2013), and <u>United States v. Cedano-Arellano</u>, 332 F.3d 568, 571 (9th Cir. 2003) (per curiam).  These cases do not support Defendant's position.  In the cases relied upon by the Defendant, the discovery was necessary to evaluate if probable cause existed based on the dog's alert alone.  Here, probable cause was determined by the Magistrate Judge.  The dog alert was one of a number of factors that contributed to the issuance of the search warrant in this case.

Defendant is required to make a substantial showing of a falsehood or material omission that would support a <u>Franks</u> hearing in order to challenge the reliability of the statements in the affidavits supporting the search warrant.  Defendant has made no such showing.  At the hearing, Defendant's attorney

conceded that he does not have a basis to believe that there was any information in the training standards or materials he seeks that would support an inference that there was a material falsehood or omission in the affidavits supporting the application for the search warrant.

## CONCLUSION

DEFENDANT'S SECOND MOTION TO COMPEL GOVERNMENT TO PROVIDE ADDITIONAL REQUESTED DISCOVERY (ECF No. 21) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 14, 2018.


Helen Gillmor
United States District Judge


United States of America v. Scott Harris, Crim. No. 17-00460 HG-01; **ORDER DENYING DEFENDANT'S SECOND MOTION TO COMPEL GOVERNMENT TO PROVIDE ADDITIONAL REQUESTED DISCOVERY (ECF No. 21)**